**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **FIRST PROTECTIVE INS. CO.** ) | |
| **D/B/A FRONTLINE INS. CO.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.: 1:22-cv-235** |
| ) | |
| **JOHN ZIMMER,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

First Protective Insurance Company d/b/a Frontline Insurance Company (Frontline) files this Complaint for Declaratory Judgment against John Zimmer (Zimmer).

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. Section 2201 to determine an actual case or controversy between Frontline and Zimmer regarding the parties' rights and obligations with respect to Homeowner's Insurance Policy No. FPH3-000168418 insuring Zimmer's residence located at 28316 Burkart Drive in Orange Beach, Alabama for the period June 7, 2020 to June 7, 2021 (the Policy).[1]

---

[1] A true and correct copy of the Policy is attached as Ex. A.

## PARTIES, JURISDICTION, AND VENUE

2.     Frontline is an insurance company incorporated in Florida with its principal place of business in Lake Mary, Florida.

3.     Upon information and belief, Zimmer is a resident and citizen of Alabama.

4.     The Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Frontline and Zimmer.

5.     Venue is proper in this Court under 28 U.S.C. §1391 in that the events giving rise to the dispute occurred in this district.

## GENERAL ALLEGATIONS

6.     On September 17, 2020, Zimmer submitted a claim to Frontline for loss to the property caused by Hurricane Sally.

7.     Frontline adjusted the claim and determined the Policy affords coverage for $16,401.75 RCV in Dwelling loss and $36,306.27 RCV in Contents loss. A $40,506.00 deductible applied. On November 16, 2020, Frontline issued payment to Zimmer for $2,223.27, considering the deductible and the withholding for recoverable depreciation.

2

4190452

8.    On March 29, 2021, Frontline received a letter of representation from counsel for Zimmer enclosing an estimate for Dwelling loss totaling $313,102.32.

9.    Frontline retained an engineer who inspected the property and prepared a June 1, 2021 report detailing his findings of storm caused loss, as well as his findings of conditions unrelated to the storm.

10.    On July 13, 2021, Frontline issued a partial denial letter to Zimmer confirming the Policy does not afford coverage for the remaining conditions the engineer determined were unrelated to the storm.[2] Frontline issued a supplemental Dwelling loss payment of $21,315.06 ACV to account for additional storm caused loss noted by the engineer.

11.    On August 9, 2021, Frontline issued a second supplemental Dwelling loss payment to Zimmer, for $22,278.16 ACV, allotting increased costs for repairs to the agreed covered loss. Frontline also initiated the internal process of invoking appraisal as to the remaining difference over the amount of the agreed covered loss based on the parties' estimates.

12.    On September 9, 2021, Frontline issued a written demand for appraisal to Zimmer.

13.    The Appraisal and Loss Payment Conditions, as modified by the SPECIAL PROVISIONS – ALABAMA endorsement, state:

_____

[2] A true and correct copy of the July 13, 2021 letter is attached as Ex. B.

4190452

**SECTION I – CONDITIONS**

6.      **Appraisal.** If you and we fail to agree on the settlement regarding the loss, either may:

Demand an appraisal of the loss. In this event, each party will choose a "competent" appraiser within 20 days after receiving a written request from the other. To qualify as a "competent" appraiser, neither the appraiser nor the company that employs the appraiser is entitled to receive a fee that is dependent on the amount of the appraisal award. However, the payment of an hourly or flat fee shall not render an appraiser incompetent under this provision.

The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

a.      Pay its own appraiser; and
b.      Bear the other expenses of the appraisal and umpire equally.

….

10.     **Loss Payment.** …. Loss will be payable 60 days after we receive your proof of loss and:

**….**

c.      There is a filing of an appraisal award with us.

4190452

14.     In Alabama, an insurance appraisal may only encompass disagreements over the amount of covered loss, and not coverage disputes which are strictly reserved for the courts.

15.     Frontline's designated appraiser reported to Frontline early in the appraisal process that Zimmer's appraiser was seeking to re-adjudicate aspects of the prior coverage determination within appraisal.

16.     On December 6, 2021, the undersigned wrote Zimmer's counsel clarifying the appraisal would only encompass the parties' disagreement over the amount of covered loss based on Frontline's prior coverage determination.[3]

17.     On January 12, 2022, Zimmer's counsel responded, in effect, that Frontline waived its prior coverage determination by demanding appraisal without explicitly limiting the scope of appraisal to disagreements over the amount of covered loss.[4]

18.     On February 25, 2022, the undersigned wrote Zimmer's counsel again confirming Frontline's position that disputes over coverage and causation must be addressed in litigation and not appraisal.[5]

19.     On March 31, 2022, the umpire issued Part 1 of his award for the agreed *covered* loss totaling $115,769.28 RCV ($112,828.44 ACV). Frontline's

---

[3] A true and correct copy of the December 6, 2021 letter is attached as Ex. C.
[4] A true and correct copy of the January 12, 2022 letter is attached as Ex. D.
[5] A true and correct copy of the February 25, 2022 letter is attached as Ex. E.

4190452

designated appraiser signed Part 1 of the award. Frontline timely issued payment to Zimmer for Part 1 of the award on May 9, 2022.

20.    On April 22, 2022, the umpire issued Part 2 of his award for the *noncovered* loss totaling $80,244.64 RCV ($70,059.17 ACV). Frontline's designated appraiser has not signed Part 2 of the award. Frontline's deadline to pay an otherwise payable award pursuant to the Loss Payment Condition of the Policy would be June 21, 2022.

21.    Frontline and its designated appraiser have consistently maintained throughout the appraisal process that the noncovered loss at issue was not properly included in appraisal.

## COUNT FOR DECLARATORY RELIEF

22.    The allegations of paragraphs 1-21 are fully incorporated by reference herein.

23.    An actual, present, and existing controversy has arisen between Frontline and Zimmer with respect to Frontline's obligations, if any, under the Policy.

24.    Frontline seeks a judicial declaration of its rights and duties to Zimmer, if any, under the Policy, including that (a) Frontline has not waived its prior coverage determination or any right to properly limit the scope of appraisal to disagreements over the amount of covered loss; (b) the noncovered loss awarded in

6

4190452

Part 2 of the umpire's award was not properly included within the scope of appraisal; and (c) Frontline is not required to pay Part 2 of the umpire's award for noncovered loss under the Policy and Alabama law.

25.    In addition to the provisions of the Policy addressed above, Frontline pleads all other conditions, terms, warranties, limits, definitions, and exclusions that may apply to the claims asserted. Frontline reserves the right to amend its Complaint for Declaratory Judgment as additional or more specific information becomes available.

WHEREFORE, Frontline respectfully requests the Court to enter a judgment declaring the rights, status, and obligations of the parties under the Policy as set forth above.

Dated:  June 21, 2022.

Respectfully submitted,

*/s/ Graham R. Pulvere*
Graham R. Pulvere (asb-6800-r76p)
Carleton "Put" Ketcham, III (asb-6591-o46k)

**Lloyd, Gray, Whitehead & Monroe, P.C.**
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
gpulvere@lgwmlaw.com
pketcham@lgwmlaw.com

7

4190452

**PLEASE CAUSE THE SUMMONS AND COMPLAINT TO BE SERVED ON JOHN ZIMMER, AS FOLLOWS:**

John Zimmer
28316 Burkart Drive
Orange Beach, AL 36561

4190452